IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KING ALVAREZ,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-4941 |
| COMMONWEALTH OF<br>PENNSYLVANIA,<br>    *Defendant*. | :<br>:<br>:<br>: |

**MEMORANDUM**

**Pappert, J.**                                                                                      **October 16, 2025**

*Pro se* plaintiff King Alvarez asserts against the Commonwealth of Pennsylvania violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 et seq. He alleges he was denied reasonable accommodations during civil proceedings before the Philadelphia Court of Common Pleas and seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Alvarez leave to proceed *in forma pauperis* and dismiss his complaint.

I[1]

Alvarez states that he suffers from "extreme depression, anxiety, and Complex-PTSD" as a result of the "torment" he suffered at multiple residential treatment facilities over the course of a decade. (Compl. at 2-4.) After the City of Philadelphia terminated Alvarez's "life-sustaining housing subsidy" in September 2022, his mental health deteriorated further, causing him to experience a "serious decline" in his "mental

---

[1] The factual allegations set forth in this Memorandum are taken from Alvarez's complaint. (Dkt. No. 1.) The Court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

and physical abilities."² (*Id.* at 4, 7.)  For example, Alvarez suffers from memory loss, vision loss, and a "decreased inability to focus or enjoy hobbies." (*Id.* at 7.)

Alvarez claims the judge in his state court case "repeatedly . . . denied [his] civil case [as] frivolous." (*Id.*)  Alvarez was told that "all the court can do is offer [him] a stenographer." (*Id.*)  Although he used the stenographer, it was "still [] not good enough for the court to hear [his] legitimate case." (*Id.* at 6.)  Alvarez states that he was denied as an "ADA accommodation" his request to "submit a judicial complaint" to the Judicial Conduct Board of Pennsylvania. (*Id.*)  Based on these allegations, Alvarez asserts claims under Title II of the ADA.  He seeks money damages and for the Court to compel the Commonwealth of Pennsylvania to provide him an attorney. (*Id.* at 7.)

II

The Court grants Alvarez leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

---

² Alvarez also states that he lost his housing subsidy because a nonprofit director lied during a meeting, causing his "fair housing rights" continue to be violated. (Compl. at 4.)  Alvarez previously filed two cases asserting Fair Housing Act claims in connection with the discontinuation of his housing subsidy.  *See Alvarez v. City of Philadelphia*, No. 24-3127; *Alvarez v. HUD*, No. 22-3631.  Both cases were dismissed.  *See Alvarez v. City of Philadelphia*, No. 24-3127, 2024 WL 3606347, at *4 (E.D. Pa. July 31, 2024); *Alvarez v. HUD*, No. 22-3631, 2022 WL 17252193, at *4 (E.D. Pa. Nov. 28, 2022).  Although the Court understands this case to assert claims under Title II of the ADA only, to the extent that Alvarez attempts to reassert any FHA claims in connection with his housing subsidy, the claims are dismissed.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Alvarez is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Alvarez claims that the Philadelphia Court of Common Pleas has not provided him with reasonable accommodations for his disabilities, in violation of the ADA.[3]  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  This provision provides a cause of action for disabled individuals claiming that they were denied access to state courts because of their disabilities.  *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) (recognizing that Title II of the ADA validly abrogates state sovereign immunity).

To state a plausible claim under Title II of the ADA, a plaintiff must allege that

---

[3] The Philadelphia County Court of Common Pleas is an arm of the Commonwealth of Pennsylvania.  *See Callahan v. City of Philadelphia*, 207 F.3d 668, 674 (3d Cir. 2000); *see also Andrews v. Hens-Greco*, 641 F. App'x 176, 180 (3d Cir. 2016) (stating that "the Pennsylvania state courts . . . are entities of the state of Pennsylvania"); *Geness v. Cox*, 902 F.3d 344, 362 (3d Cir. 2018) (permitting Title II ADA claims against the Commonwealth).

3

"(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness*, 902 F.3d at 361 (quoting *Haberle v. Troxell*, 885 F.3d 170, 178-79 (3d Cir. 2018)).  Because Alvarez seeks compensatory damages, he must also plead that he suffered intentional discrimination under a deliberate indifference standard.  *See Haberle*, 885 F.3d at 181 (citations omitted).  A plaintiff may meet that standard in two ways:  "first, by alleging facts suggesting that the existing policies caused a failure to adequately respond to a pattern of past occurrences of injuries like the plaintiff's, or, second, by alleging facts indicating that he could prove that the risk of cognizable harm was so great and so obvious that the risk and the failure to respond will alone support finding deliberate indifference."  *Id.* (cleaned up).  To allege plausibly that he is a "qualified individual with a disability," Alvarez must provide facts to show that he has a "disability," which is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ."  42 U.S.C. § 12102(1)(A).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  *Id.* at § 12101(2)(A).

    Title II of the ADA includes within its prohibition against discrimination the failure to make "reasonable accommodations."[4]  *See Haberle*, 885 F.3d at 180.  When

---

[4] Although Title II's definition of "qualified individual with a disability" uses the term "reasonable modification" as opposed to "reasonable accommodation," as used in Title I of the ADA, courts treat the two phrases synonymously.  *See Berardelli v. Allied Servs.*

4

determining whether an accommodation is reasonable, courts consider "'whether it alters the essential nature of the program or imposes an undue burden or hardship in light of the overall program.'" *Doe 1 v. Perkiomen Valley Sch. Dist.*, 585 F. Supp. 3d 668, 694-95 (E.D. Pa. 2022) (quoting *Helen L. v. DiDario*, 46 F.3d 325, 337 (3d Cir. 1995)). "A public entity need not make 'fundamental' or 'substantial' alterations to accommodate a disabled individual." *Id.* at 695 (citing *Alexander v. Choate*, 469 U.S. 287, 300 (1985)).

    The Court understands Alvarez to assert failure to accommodate claims under Title II of the ADA. He specifically alleges that he suffers from extreme depression, anxiety, and Complex-PTSD and that, as a result, he struggles with memory and vision loss and a decreased ability to focus or enjoy hobbies. Assuming that these allegations are sufficiently specific to address the first two prongs of his ADA claim, Alvarez's allegations are too vague to plausibly allege that the Philadelphia Court of Common Pleas denied him a service or program by reason of his disability or denied him a reasonable accommodation for such service or program. Alvarez alleges that, for nearly three years, he has been "denied reasonable accommodations and access to the Court of Common Pleas."[5] (Compl. at 6.) Alvarez does not elaborate on the specific

---

*Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018); *see also Haberle*, 885 F.3d at 181 n.11.

    [5] Alvarez provides no specific dates for when he was allegedly denied reasonable accommodations. If Alvarez chooses to file an amended complaint, he should be mindful that claims asserted under Title II of the ADA are subject to a two-year statute of limitations. *See Disabled in Action of Pa. v. Se. Pennsylvania Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008) ("[W]e hold that the statute of limitations applicable to claims under Title II of the ADA . . . is the statute of limitations for personal injury actions in the state in which the trial court sits"); *see also* 42 Pa. Cons. Stat. Ann. § 5524. "The general rule is that the statute of limitations begins to run as soon as a right to institute and maintain suit arises." *Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 231 (3d Cir. 2003).

accommodations he has requested and been denied regarding access to the court. He alleges instead that he is unable to represent himself in court due to his disabilities and that he needs an attorney to assist with his state case. (*Id.* at 5.) Alvarez also alleges that his state case was "repeatedly denied" as "frivolous" and that, despite his use of a court stenographer, his "legitimate case" was still not heard. (*Id.* at 6.) Alvarez also states that his request to file a judicial complaint, purportedly as a reasonable accommodation, was denied.

Alvarez's allegations fail to state a plausible claim to relief. He has not alleged with sufficient specificity the services or programs he was denied, what accommodations he requested to access those services or programs, which of those accommodations were afforded to him and which were denied, and how he was injured by any denials. To the extent Alvarez contends that the Commonwealth has failed to accommodate his disabilities by not appointing him an attorney, such a claim lacks merit because there is no right to an attorney under Title II of the ADA. *See Douris v. New Jersey*, 500 F. App'x 98, 100 (3d Cir. 2012) (*per curiam*) (affirming dismissal of ADA claims where the plaintiff alleged that "the New Jersey courts failed to provide him with legal counsel" because "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities"); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009) (finding "no support" for plaintiff's assertion that the ADA requires the court to appoint counsel). Moreover, Alvarez has not alleged any facts which could allow the Court to conclude that the Commonwealth's alleged denial of accommodations for his disabilities amounted to intentional discrimination under a standard of deliberate indifference. *See Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."); *McDonald-Witherspoon v. City of Phila.*, No. 17-1914, 2017 WL 3675408, at *9 (E.D. Pa. Aug. 25, 2017) (dismissing ADA Title II claim because complaint did not contain any facts showing that plaintiff was discriminated against because of his disability).

## IV

For the foregoing reasons, Alvarez's Complaint will be dismissed without prejudice. Alvarez will be granted leave to file an amended complaint to clearly set out the factual bases of any ADA claim he seeks to present against the Commonwealth. An Order with additional instructions for amendment follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**