**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KING ALVAREZ, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4941 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et seq.* | : | |
| *Defendants*. | : | |

**<u>MEMORANDUM</u>**

**Pappert, J.**                                                                 **February 23, 2026**

*Pro se* Plaintiff King Alvarez alleges violations of Title II of the Americans with

Disabilities Act, 42 U.S.C. § 12132 *et seq.* He states he was denied reasonable

accommodations for his disabilities by the Pennsylvania state courts. The Court

previously granted Alvarez leave to proceed *in forma pauperis* and dismissed his initial

complaint against the Commonwealth of Pennsylvania. (*See* Dkt. Nos. 8, 9.) Alvarez

filed an amended complaint naming the Commonwealth, the City of Philadelphia, and

three individual defendants. Alvarez again fails to state a plausible ADA claim and the

Court dismisses his amended complaint with prejudice.

I[1]

Alvarez suffers from complex post-traumatic stress disorder, major depressive

disorder, generalized anxiety disorder, and attention-deficit/hyperactivity disorder.

---

[1] The factual allegations set forth in this Memorandum are taken from Alvarez's amended complaint, including the 58 exhibits he attaches to it (Dkt. No. 13), and his underlying state court record, of which this Court may take judicial notice. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (stating that the Court may take judicial notice of facts reflected in publicly available state court records). The Court adopts the sequential pagination assigned to the amended complaint by the CM/ECF docketing system. Grammar, spelling, and punctuation errors are cleaned up where necessary.

(Am. Compl. at 5.) He alleges he was "repeatedly denied access to the major jury program [at the Court of Common Pleas of Philadelphia] because of his debilitated mental health." (*Id*. at 7 (emphasis omitted).) In early 2024, Alvarez filed a complaint against the City of Philadelphia seeking to reinstate a city funded housing subsidy. (*See id*. at Exs. 23, 24.) Philadelphia Court of Common Pleas Judge Daniel Anders presided over the case and allegedly issued fifteen "very cruel denials" of Alvarez's requests to proceed *in forma pauperis*, emergency motions, and other requested relief, "without explanation or directions on how to fix the errors." (*Id*. at 7.) On February 2, 2024, after having already denied two emergency motions, Judge Anders dismissed Alvarez's action as frivolous. (*Id*. at Ex. 23.) The Commonwealth Court subsequently quashed Alvarez's untimely appeal of the dismissal order. (*Id*. at Ex. 24 at 7-8.)

Alvarez had requested ADA accommodations while prosecuting his case before Judge Anders and in connection with efforts to file complaints against state court judges through the Commonwealth of Pennsylvania Judicial Conduct Board. (*Id*. at 8-10 & Exs. 44-56.) In February of 2024, he requested a "transcriber" to assist with filing a "detailed complaint" in the case, *Alvarez v. City of Philadelphia*, Case No. 240101250. (*Id*. at 11 & Exs. 44, 52.) Defendant Maria Pugliese, the Chief of Court Administration and ADA Coordinator, conducted a telephone interview with Alvarez about his request, provided him a "real time stenographer," and forwarded him the transcripts from his meeting with the stenographer. (*Id*. at Exs. 45-52.) Alvarez also contacted defendant Melissa Norton, the Chief Counsel for the Judicial Conduct Board of Pennsylvania, to request an ADA accommodation for his "debilitated state of mental health," and she coordinated a meeting with a state employee who helped Alvarez draft four judicial

2

complaints. (*Id.* at 8, 10 & Ex. 56.) After Alvarez informed Norton that the judicial complaints were "incorrect," Norton initially "snapped" at him, telling him to "do it [him]self," but later requested that he identify in writing the specific portions of the complaints that were incorrect. (*Id.* at 8 & Ex. 56.) Alvarez did not reply to Norton's email because he was exhausted and felt he could not do what Norton requested. (*Id.* at 9.) Alvarez never filed the judicial complaints. (*Id.*)

Based on these allegations, Alvarez again asserts failure to accommodate claims under Title II of the ADA.[2] In his Amended Complaint he names as Defendants the Commonwealth of Pennsylvania, the City of Philadelphia, Judge Anders, Norton, and Pugliese.[3] Alvarez seeks money damages, and that the Court direct the Commonwealth to provide him an attorney for his state cases and cover his expenses to attend "Prospect Hill," a "wellness recovery center in St. Croix, USVI." (Am. Compl. at 13.)

---

[2] The Court dismissed Alvarez's initial complaint against the Commonwealth of Pennsylvania because Alvarez failed to state, "with sufficient specificity the services or programs he was denied, what accommodations he requested to access those services or programs, which of those accommodations were afforded to him and which were denied, and how he was injured by any denials." (Dkt. No. 8 at 6); *see also Alvarez v. Pennsylvania*, No. 25-4941, 2025 WL 2940757, at *3 (E.D. Pa. Oct. 16, 2025). The Court also noted that, to the extent Alvarez's claim was based on the Commonwealth denying him a court-appointed attorney, the claim was not viable because the ADA does not guarantee a right to an attorney. *Alvarez*, 2025 WL 2940757, at *3. Finally, the Court concluded that Alvarez failed to allege that denial of accommodations for his disabilities amounted to intentional discrimination, which was required because Alvarez sought compensatory damages. *Id.* at 2, 3.

[3] The Commonwealth of Pennsylvania is the only proper Defendant. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (observing that proper defendant for Title II ADA claim is the public entity); *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (*per curiam*) (stating that "there is no individual damages liability under Title II of the ADA" (citations omitted)).

II

As Alvarez is proceeding *pro se*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether an amended complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the amended complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* amended complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the amended complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Alvarez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Alvarez again claims that he was not provided reasonable accommodations for his disabilities, in violation of Title II of the ADA, and that, as a result, he was denied "access" to "Pennsylvania's trial courts to have his complaints heard." (Am. Compl. at 6.) Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision provides a cause of action for disabled individuals who claim that they were denied access to state courts because of their disabilities. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) (recognizing that Title II of the ADA validly abrogates state sovereign immunity).

To state a plausible claim under Title II of the ADA, a plaintiff must allege that "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness v. Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (citation omitted). Title II of the ADA includes within its prohibition against discrimination the failure to make "reasonable accommodations."[4] *See Haberle v. Troxell*, 885 F.3d 170, 180 (3d Cir. 2018). To allege plausibly that he is a "qualified individual with a disability," Alvarez must state facts to show that he has a "disability," which is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual . . . ."[5] 42 U.S.C. § 12102(1)(A). Because Alvarez seeks compensatory damages, he must also plead that he suffered intentional discrimination under a deliberate indifference standard. *See Haberle*, 885 F.3d at 181 (citations omitted). A plaintiff may

---

[4] Although Title II's definition of "qualified individual with a disability" uses the term "reasonable modification" as opposed to "reasonable accommodation," as used in Title I of the ADA, courts treat the two phrases synonymously. *See Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018).

[5] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12101(2)(A).

5

meet that standard in two ways: "first, by alleging facts suggesting that the existing policies caused a failure to adequately respond to a pattern of past occurrences of injuries like the plaintiffs, or, second, by alleging facts indicating that she could prove that the risk of cognizable harm was so great and so obvious that the risk and the failure to respond will alone support finding deliberate indifference." *Id.* (cleaned up).

In support of his claims, Alvarez states that his disabilities—complex post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, and attention-deficit/hyperactivity disorder—interfere with daily activities such as cooking, cleaning, and taking care of himself. Although these allegations support the first two prongs of an ADA claim, Alvarez does not plausibly allege that he was excluded from participating in Pennsylvania court programs or services because of his disabilities. The Court already cautioned Alvarez that any ADA claim may not be based on the failure to appoint him an attorney because the statute does not afford him this right. *See Alvarez*, 2025 WL 2940757, at *3; *see also Douris v. New Jersey*, 500 F. App'x 98, 100 (3d Cir. 2012) (*per curiam*) (affirming dismissal of ADA claims where the plaintiff alleged that "the New Jersey courts failed to provide him with legal counsel" because "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities"); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009) (finding "no support" for plaintiff's assertion that the ADA requires the court to appoint counsel). Accordingly, to the extent that Alvarez again asserts an ADA claim based on the denial of his request for a court-appointed attorney during his state court proceedings, the claim is dismissed.

Alvarez has not plausibly alleged that he was denied any other reasonable

accommodation for his disabilities.  He states that he was "repeatedly denied access to the major jury program" because Judge Anders "repeatedly den[ied] his IFPs, complaints, and emergency motions." (Am. Compl. at 7.)  To the extent Alvarez contends that Judge Anders should have granted certain motions or permitted his case to survive dismissal as an accommodation for his disabilities, such a claim is baseless. "Title II does not require States to employ any and all means to make judicial services accessible or to compromise essential eligibility criteria for public programs."  Rather, "[i]t requires only 'reasonable modifications' that would not fundamentally alter the nature of the service provided" and that "afford[s] to all individuals a meaningful opportunity to be heard in [the states'] courts." *Tennessee*, 541 U.S. at 511-12. Requiring courts to grant motions or permit meritless civil cases to proceed is not a *reasonable* accommodation under the ADA.  *See, e.g.*, *Henderson v. Morris*, No. 23-0346, 2025 WL 3248722, at *8 (E.D. Tex. Nov. 20, 2025) (denying plaintiff's request to grant her motion for leave to file an amended complaint as an ADA accommodation because "[t]he ADA does not require the court to grant or deny a motion or take any judicial action" (citation omitted)).

Alvarez also alleges that he was denied access to the Pennsylvania courts because Judge Anders's orders did not include "directions on how to fix [Alvarez's] errors." (Am. Compl. at 7.)  Public entities—such as state and federal courts—are not required to "make 'fundamental' or 'substantial' alterations" in their programs or services "to accommodate a disabled individual." *Doe 1 v. Perkiomen Valley Sch. Dist.*, 585 F. Supp. 3d 668, 695 (E.D. Pa. 2022) (citing *Alexander v. Choate*, 469 U.S. 287, 300 (1985)).  Moreover, if the accommodation creates an undue burden on the courts, it is

not reasonable.  *See id.* at 694-95 (explaining that to determine whether an accommodation is reasonable, courts consider "whether it alters the essential nature of the program or imposes an undue burden or hardship in light of the overall program." (quoting *Helen L. v. DiDario*, 46 F.3d 325, 337 (3d Cir. 1995))).  Alvarez's ADA rights were not violated because Judge Anders did not provide explanations or instructions in his orders.  Alvarez's allegations do not support an inference that he was excluded from participating in judicial proceedings or denied access to the Pennsylvania courts.  As his exhibits demonstrate, Alvarez was granted both of the ADA accommodations he requested.  He was provided with a stenographer to assist with his housing subsidy case and met with a court employee to help him draft judicial complaints.  Moreover, Alvarez filed numerous motions, petitions, and appeals in his state court case and had his arguments addressed by the trial court and appellate judges.  His active involvement in his case suggests he had meaningful access to the Pennsylvania state courts.  *See Bedford v. Michigan*, 722 F. App'x 515, 520 (6th Cir. 2018) (affirming dismissal of ADA Title II claim where the plaintiff participated in the proceedings, filed motions, and attended hearings); *McCauley v. Georgia*, 466 F. App'x 832, 837 (11th Cir. 2012) (*per curiam*) (affirming dismissal of ADA Title II claim where the plaintiff "was able to access the court and have her case heard on the merits" after filing motions that were ultimately denied).  The fact that Alvarez lost his case does not equate to an ADA claim.

Moreover, to the extent that Alverez's allegations can be construed as a denial of reasonable accommodations for his disabilities, his claims nevertheless fail because he has again not alleged facts to support that the denial amounted to intentional

discrimination under a deliberate indifference standard.  Alvarez states in conclusory fashion that Judge Anders, Norton, and Pugliese all acted "intentionally" in violating his ADA rights; however, he does not allege any facts showing that he was discriminated against because of his disabilities.  Alvarez's conclusory allegations do not support a cognizable ADA claim for compensatory damages.  *See Iqbal*, 556 U.S. at 678; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."); *McDonald-Witherspoon v. City of Philadelphia*, No. 17-1914, 2017 WL 3675408, at *9 (E.D. Pa. Aug. 25, 2017) (dismissing ADA Title II claim because complaint did not contain any facts showing that plaintiff was discriminated against because of his disability).

## IV

Liberally construing Alvarez's amended complaint and exhibits, and drawing all inferences in his favor, Alvarez has again failed to state a plausible claim under Title II of the ADA.  Because further amendment would be futile, the dismissal is with prejudice.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (noting that amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  An Order dismissing this case will be entered separately.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

9